64 F.3d 665
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Arthur V. SEIDEL, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
[1] Defendant-Appellee.
 No. 95-1167.
 United States Court of Appeals, Seventh Circuit.
 Argued July 7, 1995.
Decided Aug. 10, 1995.
 
 1
 Before POSNER, Chief Judge, and BAUER and KANNE, Circuit Judge J.
 
 ORDER
 
 2
 Plaintiff Arthur V. Seidel complains that, despite several medical impairments,[2] he was denied disability benefits on the basis that he was capable of performing work he had done in the past[3] because the ALJ and vocational expert (VE) -- both of whom concluded that plaintiff had highly marketable skills -- were confused and thought he had been employed as a real estate appraiser, when actually he had worked as a tax appraiser. A magistrate judge recommended that the district court affirm the Secretary's decision, and the district court did so, adopting the report and recommendation of the magistrate judge.
 
 
 3
 The record shows that if there was a confusion between the labels of real estate and tax appraiser (although it would have been reasonable for the ALJ to perceive "real estate" appraiser as encompassing the narrower field of "tax" appraiser), there was no confusion about the duties of plaintiff's previous job. Plaintiff's past relevant work was fully explored both in plaintiff's own testimony[4] and in cross-examination of the VE. Using or not using the Dictionary of Occupational Titles (DOT) was not important in this case because the ALJ did not rely on the DOT classifications. Instead, the ALJ focused on the precise requirements of plaintiff's previous job as an appraiser -- not a general description in the DOT or any other publication.[5] As the magistrate judge concluded: "It is clear from the record that the VE based his testimony on plaintiff's statements of what he did as a chief deputy appraiser."
 
 
 4
 And it matters little because nothing in the record indicates that the real estate appraiser and tax appraiser jobs differ significantly in their disability-related attributes. If anything, the job of real estate appraiser was physically less strenuous. There was no error in finding that plaintiff was physically capable of performing the exertional tasks required as an appraiser, whether the appraisals were performed for taxation purposes or real estate valuation purposes.
 
 
 5
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R. App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we generally refer to the Secretary because she was the appropriate party at the time of the underlying decision
 
 
 [2]
 The ALJ found that plaintiff suffered from several impairments (mild coronary artery disease; mild reversible chronic obstructive pulmonary disease with history of asthma; and left shoulder impingement, status post acromioplasty and rotator cuff repair) which resulted in a residual functional capacity for light work that would not require constant extension of the arms
 
 
 [3]
 Step four of the disability analysis requires a finding of not disabled if the individual is capable of performing work he has done in the past. 20 C.F.R. 404.1520(e)
 
 
 [4]
 Plaintiff testified that his duties as chief deputy appraiser included computing levy rates for various taxing districts in the county, and defending appraisals before the County Board of Equalization and the State Board of Tax Appeals. He was generally "involved in making appraisals of buildings, land, and also open space evaluations." (Tr. 52)
 
 
 [5]
 Even so, the DOT definition of "appraiser" cited by plaintiff in his brief as a definition of his previous job lists alternate designations including "Appraiser, Auditor; Appraiser, Buildings; and Appraiser, Real Estate." (Appellant's Brief pp, 15-16.) In addition, appellant describes his work as "valu[ing] property for tax purposes" (p. 10), which is clearly encompassed by a real estate appraiser's valuing of property for purposes broader than taxation